**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Burgess, | No. CV-25-02944-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Knight Transportation Incorporated, | |
| Defendant. | |

On April 23, 2025, Plaintiff filed the complaint in the Southern District of Florida. (Doc. 1.)

On July 7, 2025, Defendant filed a motion requesting that the court take one of the following actions: (1) determine that Plaintiff is a "vexatious litigant" and dismiss the case with prejudice, (2) dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), (3) dismiss the action for improper venue, or (4) dismiss the complaint as a "shotgun pleading." (Doc. 8.) The motion later became fully briefed. (Docs. 18, 22.)

On August 11, 2025, the court determined that the case should be transferred to the District of Arizona and ordered that "Defendant's remaining arguments . . . remain pending." (Doc. 34.)

On August 15, 2025, the case was transferred to Arizona (Doc. 35) and assigned to the undersigned judge. (Doc. 36.)

On September 8, 2025, Plaintiff filed a motion to amend the complaint (Doc. 42) and lodged a proposed First Amended Complaint ("FAC") (Doc. 43). Plaintiff failed to

1. adhere to LRCiv 15.1(a), which requires that "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."

The deadline for Defendant to respond to the motion to amend expired without any opposition from Defendant. LRCiv 7.2(c). Pursuant to LRCiv 7.2(i), Defendant's failure to oppose the motion to amend is "deemed a consent" to the granting of the motion, such that the motion to amend is granted summarily.

Due to Plaintiff's pro se status and the recent transfer to a new court, the Court will excuse Plaintiff's noncompliance with the requirement, pursuant to LRCiv 15.1, that every amendment of the complaint must be accompanied by a redlined draft indicating what has changed. Plaintiff is cautioned that he must familiarize himself with the District of Arizona's local rules, available on its website (https://www.azd.uscourts.gov/sites/azd/files/local-rules/LRCiv%202024.pdf), and adhere to those rules from this point forward.

As for the remaining arguments in Defendant's July 7, 2025 motion (Doc. 8), the Court denies the request to designate Plaintiff a vexatious litigant. Defendant has not demonstrated that Plaintiff is abusing the judicial system. Filing multiple lawsuits is not, itself, an abuse of the system. *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) ("Since an injunction preventing the relitigation of claims restricts an individual's access to the court system, it is an extraordinary remedy that should be narrowly tailored and rarely used. An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit."). Defendant argues that Plaintiff has filed "at least four" actions asserting race discrimination claims against trucking companies but offers no support for its contention that Plaintiff "does not have an objective, good-faith expectation of prevailing" in these actions—nor is being "not represented by counsel" indicative of frivolousness. (Doc. 8 at 5-6.) Plaintiff responds that "there has not been one case he filed dismissed as frivolous" and that he "has

been winning cases that he has filed pro se," listing cases. (Doc. 18 at 2-3.) As for Defendant's argument that Plaintiff's "pattern of traveling through states where the trucking companies are headquartered and sending photos of himself in front of the company, a state sign, or a rest area is disturbing and can be described as nothing less than harassing" (Doc. 8 at 7), Plaintiff responds that he takes these photos as evidence to show to juries to demonstrate his travel throughout the country. (Doc. 18 at 5-6.) Although the Court does not entirely understand the purpose of the photographs, neither does the Court perceive them as "disturbing" or "harassing." On this record, a vexatious litigant order is unwarranted.

The remainder of the July 7, 2025 motion (Doc. 8) is dismissed as moot due to the filing of the FAC. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent. . . . Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . .").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend (Doc. 42) is **granted**. The Clerk of Court shall file the FAC, which is lodged at Doc. 43.

**IT IS FURTHER ORDERED** that Plaintiff shall familiarize himself with the District of Arizona's local rules.

**IT IS FURTHER ORDERED** that Defendant's motion to declare Plaintiff a vexatious litigant (Doc. 8) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss for failure to state a claim (Doc. 8) is **denied as moot**.

Dated this 23rd day of September, 2025.

Dominic W. Lanza
United States District Judge